UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

BRIAN MCBETH,

Defendant.

16-CR-317-007 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On April 14, 2017, defendant Brian McBeth was sentenced principally to a term of imprisonment of 117 months. Dkt. 366.

The Probation Department has determined that McBeth is eligible for an adjustment of his sentencing guidelines range based on Amendment 821 of the Sentencing Guidelines. Dkt. 783. On February 15, 2024, the Government filed a letter, agreeing that McBeth is eligible for a reduction of sentence under Amendment 821, and stating that it did not object to a reduction of sentence to one within the newly calculated Guidelines range. Dkt. 815. Yesterday, February 27, 2024, defense counsel moved for a reduction of McBeth's prison sentence to 111 months pursuant to Amendment 821, Dkt. 821, having been appointed by the Court for this purpose following the untimely death of predecessor counsel, Dkt. 801, 814.

All parties thus agree that McBeth is eligible for a sentence reduction under Amendment 821; that his Criminal History Category, which as of sentencing was level III, is today level II; that his offense level remains level 23; and that his Guidelines range as to imprisonment would today on Count One be 51-63 months, rather than 57-71 months, as calculated at the time of sentencing. The parties also agree that, as at the sentencing, a mandatory consecutive sentence

1

of 60 months must be imposed on Count Two, making McBeth's s effective guidelines range today 111-123 months, rather than 117-131 months, imprisonment, as calculated at the time of sentencing. The Court finds that McBeth is eligible for a sentence reduction and adopts the above calculations. All parties further agree that the Court has the latitude to reduce McBeth's sentence on Count One to 51 months imprisonment and thus to reduce his overall sentence to 111 months imprisonment.

The Court has reviewed the record in this case, including the sentencing judge's assessment of the just and reasonable sentence at the time of sentencing; the fact that the sentencing judge imposed a sentence at the bottom of then-applicable Sentencing Guidelines range; and the factors addressed in defense counsel's recent memorandum, including McBeth's efforts towards rehabilitation as reflected in his extensive participation in BOP programs, the absence of a prison disciplinary history, the BOP's transfer of him to a halfway house at what appears to have been the earliest date for which he was eligible for such transfer, McBeth's support from family and friends, and the unexpectedly arduous prison conditions that prisoners experienced during the COVID-19 pandemic. Considering the revised Sentencing Guidelines range and all 18 U.S.C. § 3553(a) factors, the Court is persuaded that a reduction of McBeth's sentence to 111 months imprisonment is justified, and that such a sentence is consistent with the § 3553(a) factors taken as a whole, including protection of the public.

Having considered the record in this case and the parties' arguments, it is ORDERED that McBeth's term of imprisonment is reduced to 111 months' imprisonment, to be comprised of a sentence of 51 months on Count One and 60 months on Count Two, these terms to run consecutively. All other components of the sentence remain as originally imposed.

In light of the possibility that this order may have immediate implications for the date of McBeth's release from the reentry center, the Court directs Government counsel to furnish this order to the Bureau of Prisons forthwith.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: February 28, 2024
       New York, New York